UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:25-cv-22487-GAYLES

JOSE GUERRA-CASTRO,

      Petitioner,

v.

CHARLES PARRA, Assistant Field Office
Director; GARRETT RIPA, Field Office
Director, Miami Field Office; TODD LYONS,
Acting Director, Immigration and Customs
Enforcement; KRISTI NOEM, U.S. Secretary
of Homeland Security,

      Respondents.

_____/

## ORDER

**THIS CAUSE** comes before the Court on Petitioner Jose Guerra-Castro's Amended Petition for Emergency Injunctive Relief (the "Petition") against Respondents Charles Parra, Assistant Field Office Director; Garrett Ripa, Field Office Director, Miami Field Office; Todd Lyons, Acting Director, Immigration and Customs Enforcement; and Kristi Noem, U.S. Secretary of Homeland Security (the "Respondents"). [ECF No. 3]. The Court has reviewed the Petition and the record and is otherwise fully advised. For the reasons set forth below, the Motion for injunctive relief is **DENIED**.

## BACKGROUND

In April 2014, an Immigration Judge ordered Petitioner's removal to Cuba[1], and Petitioner waived an appeal. On May 9, 2014, the Petitioner was released from immigration custody on an

---

[1] Petitioner was charged with two counts of removability under Section 237(a)(2)(A)(iii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony relating to alien smuggling and conspiracy to commit an offense related to alien smuggling.

Order of Supervision ("OSUP"). On May 29, 2025, during Petitioner's annual reporting to the Enforcement and Removal office, U.S. Immigration and Customs Enforcement ("ICE") revoked Petitioner's OSUP pursuant to 8 C.F.R. § 241.4(l)(2)(iii) and took Petitioner into custody to effectuate his removal to Cuba.

Petitioner seeks to enjoin Respondents from transferring him out of the Southern District of Florida. Petitioner also seeks his immediate release from detention, challenging the constitutionality of (1) his removal from the United States to a third country without notice, and (2) the length of his detention, arguing the removal period has passed and thus detention is not reasonable under *Zadvydas v. Davis*, 533 U.S. 678 (2011).

## LEGAL STANDARD

To obtain a preliminary injunction, the Petitioner must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005). "The third and fourth factors 'merge when, as here, the government is the opposing party.'" *Gonzalez v. Governor of Georgia*, 978 F.3d 1266, 1271 (11th Cir. 2020) (quoting *Swain v. Junior*, 961 F.3d 1276, 1293 (11th Cir. 2020)). "A preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries its burden of persuasion on each of these prerequisites." *GeorgiaCarry.org, Inc. v. U.S. Army Corps of Eng'rs*, 788 F.3d 1318, 1322 (11th Cir. 2015) (quoting *Suntrust Bank v. Houghton Mifflin Co.,* 252 F.3d 1165, 1166 (11th Cir. 2001) (per curiam)); *see also Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179

(5th Cir. 1975) (stating that the grant of a preliminary injunction "is the exception rather than the rule" and the plaintiff must clearly carry the burden of persuasion).

## DISCUSSION

**I.**   **<u>Substantial Likelihood of Success on the Merits</u>**

   A.   <u>Transfer to Another Facility</u>

Petitioner requests that the Court enjoin Respondents from transferring him to another district. The Court finds that Petitioner is unlikely to succeed on the merits of this claim as the Court lacks subject matter jurisdiction under 8 U.S.C. § 1252(a)(2)(B)(ii) and 8 U.S.C. § 1252(g). Section 1252(a)(2)(B) states:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review— . . . (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B). Section 1231(g)(1), which falls under the same subchapter, states: "[t]he Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal." 8 U.S.C. § 1231(g)(1).

Courts have interpreted these statutes to mean that a district court lacks jurisdiction to enjoin the government from transferring immigration detainees to other districts, as those decisions fall within the discretion of the Attorney General. *See, e.g., Calla-Collado v. Att'y Gen. of the U.S.,* 663 F.3d 680, 685 (3d Cir. 2011) (stating that Congress vested DHS and as a "part of DHS, ICE" "with [the] authority to enforce the nation's immigration laws[,]" and "the authority to determine the location of detention of an alien in deportation proceedings . . . and therefore, to transfer aliens from one detention center to another"); *Van Dinh v. Reno,* 197 F.3d 427, 433 (10th Cir. 1999)

3

(finding that "[t]he Attorney General is mandated to 'arrange for appropriate places of detention for aliens detained pending removal.'" (citing 8 U.S.C. § 1231(g)(1)); *Vasquez-Ramos v. Barr*, No. 20-CV-6206-FPG, 2020 WL 13554810, at *6 (W.D.N.Y. June 26, 2020) (finding that "without a showing that a transfer would infringe on [Petitioner]'s constitutional rights, this Court does not have authority to issue an order to change or keep [him] at any particular location."); *Salazar v. Dubois*, No. 17-CV-2186 (RLE), 2017 WL 4045304, at *1 (S.D.N.Y. Sept. 11, 2017) (citing cases and finding "[a] court lacks jurisdiction to review decisions of the Attorney General where the authority is derived from subchapter II of Chapter 12 of Title 8" which encompasses § 1231(g)(1)); *Danglar v. Homan*, No. 4:19-cv-00789-CLM-JHE, 2020 WL 13750404, at *2 (N.D. Ala. Feb. 18, 2020) (noting in the case of ICE detainees, "the court is powerless to order the parties to house Danglar in a particular facility."). This Court agrees that the determination of where to detain an alien to facilitate removal falls squarely within the discretion of the Attorney General.[2]

Petitioner argues that a move to another facility would violate his Sixth Amendment right to counsel because such a move would effectively deny his access to counsel. [ECF No. 3 ¶ 26]. This assertion is speculative and conclusory as Petitioner presents no evidence that he would have no, or effectively no, access to counsel in a different detention facility. Therefore, Petitioner is unlikely to succeed on that claim. Importantly, an alien does not have the right to be detained in a facility that gives him preferred access to counsel. *See Calla-Collado*, 663 F.3d at 685 ("An alien, however, does not have the right to be detained where he believes his ability to obtain

---

[2] Notably, § 1252(g) also divests federal courts of subject-matter jurisdiction over "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g); *see also Gupta v. McGahey*, 709 F.3d 1062, 1065 (11th Cir. 2013) (finding that "[s]ecuring an alien while awaiting a removal determination constitutes an action taken to commence proceedings").

representation and present evidence would be most effective." (citing *Gandarillas-Zambrana v. Bd. of Immigration Appeals*, 44 F.3d 1251, 1256 (4th Cir. 1995))).

    B.  <u>Removal to a Third Country</u>

    Petitioner also seeks his immediate release from detention. Petitioner essentially argues that because he is a Cuban national, and likely cannot be removed to Cuba, Respondents' intention to remove him from the United States implies removal to a third country. As the government has not yet designated a third country for Plaintiff's removal, Plaintiff argues that the Respondents are attempting to remove him to a third country without notice. For this argument, Petitioner relies on his status as a class member in *D.V.D. v. U.S. Department of Homeland Security*, 1:25-cv-10676, 2025 WL 1142968 (D. Mass. April 18, 2025), in which that court enjoined the government from removing aliens to a third country without due process. In *Dep't of Homeland Sec. v. D.V.D.*, No. 24A1153, 2025 WL 1732103 (U.S. June 23, 2025), the Supreme Court granted a stay of that preliminary injunction pending the disposition of the appeal in the United States Court of Appeals for the First Circuit and disposition of a petition for a writ of certiorari. As such, Petitioner is not protected from removal to a third country based on his membership in that class. Therefore, he is unlikely to succeed on the merits of this claim.

    C.  <u>Length of Detention</u>

    Finally, Petitioner seeks his release based on the length of his detention. Petitioner argues that because his removal period has passed, his detention is not reasonable under the circumstances. When an individual is ordered removed, 8 U.S.C. § 1231(a) allows the government to detain him during the "removal period." The removal period is defined as the 90-day period during which "the Attorney General shall remove the alien from the United States." 8 U.S.C. § 1231(a)(1)(A). The removal period begins on the latest of three dates: (1) "[t]he date the order of

5

removal becomes administratively final"; (2) "if the removal order is judicially reviewed and the court orders a stay of removal, the date of the court's final order"; and (3) "if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement."[3] *Id.* § 1231(a)(1)(B)(i-iii). Even so, federal law permits the government to detain aliens removable for violations of criminal law (like Petitioner) beyond the 90-day removal period. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1051 (11th Cir. 2002) (citing 8 U.S.C. § 1231(a)(6)).

Petitioner argues that his detention is in violation of Fifth Amendment due process, pursuant to *Zadvydas*. However, Petitioner is unable to demonstrate a substantial likelihood of success on his *Zadvydas* claim.  In addressing Fifth Amendment due process concerns, *Zadvydas* found that while detention can continue beyond the 90-day period under 8 U.S.C. § 1231(a), post-removal-period detention is limited to "a period reasonably necessary to bring about that alien's removal" – which the Court defined as six months. *Zadvydas*, 533 U.S. at 689, 701. After the six-month period, there is no longer a presumption of constitutionality; and once the Petitioner "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."[4] *Id.* at 701.

The Court finds that the Petition is premature because Petitioner has not been detained for more than six months. Petitioner has been in detention since May 29, 2025; therefore, his two-

---

[3] Here, Petitioner's 90-day removal period has passed since Petitioner's order of removal became final in April 2014, and Petitioner was released from ICE custody on an OSUP on May 9, 2014.

[4] Consistent with the *Zadvydas*, ICE promulgated regulations authorizing "aliens who are subject to a final order of removal" to provide "good reason to believe there is no significant likelihood of removal to the country to which he or she was ordered removed, or to a third country, in the reasonably foreseeable future" and, if so, entitling him to agency review of his detention. 8 C.F.R. § 241.13(a); *see Thai v. Hyde*, No. 25-11499-NMG, 2025 WL 1655489, at *3 (D. Mass. 2025).

month detention is lawful under *Zadvydas*.[5] *See Thai v. Hyde*, No. 25-11499-NMG, 2025 WL 1655489, at *3 (D. Mass. 2025) (finding six-month *Zadvydas* period had not yet accrued, and Petitioner's previous ICE detention and years of release under an Order of Supervision did not count towards the detention period); *Meskini v. Att'y Gen. of United States*, No. 4:14-CV-42-CDL, 2018 WL 1321576, at *3, 4 (M.D. Ga. Mar. 14, 2018). It is only after the six-month period that the Court would consider Petitioner's evidence as to whether "there is no significant likelihood of his removal from the United States in the reasonably foreseeable future." *See Thai*, 2025 WL 1655489, at *2. As such, Petitioner is unlikely to succeed on the merits of his claim that he should be released from detention based on the length of his detention.

## II.       The Remaining Factors

Based on the foregoing, the Court finds that Petitioner cannot demonstrate a substantial likelihood of success on the merits on any of his claims. Therefore, the Court need not consider the remaining factors for a preliminary injunction. "Controlling precedent is clear that injunctive relief may not be granted unless the plaintiff establishes the substantial likelihood of success criterion." *Schiavo*, 403 F.3d at 1226; *GeorgiaCarry.org, Inc.*, 788 F.3d at 1329 ("Because the plaintiffs have not shown a substantial likelihood of success on the merits, we need not consider the remaining factors in the preliminary injunction test."); *ACLU of Fla., Inc. v. Miami–Dade Cnty. Sch. Bd.,* 557 F.3d 1177, 1198 (11th Cir. 2009) ("Failure to show any of the four factors is fatal, and the most common failure is not showing a substantial likelihood of success on the merits.").

---

[5] Even if the Court counted Petitioner's previous ICE detention, Petitioner's cumulative amount of detention would not total 6 months.

**CONCLUSION**

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Petitioner's

Amended Petition for Emergency Injunctive Relief (the "Petition") [ECF No. 3] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 17th day of July, 2025.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE